IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICK CACAYORIN, #34010-509,<br><br>Petitioner,<br><br>v.<br><br>ESTELA DERR,<br><br>Respondent. | CIVIL NO. 23-00077 JMS-WRP<br><br>**ORDER DISMISSING PETITION UNDER 28 U.S.C. § 2241 FOR A WRIT OF HABEAS CORPUS, ECF NO. 1** |

## ORDER DISMISSING PETITION UNDER 28 U.S.C. § 2241 FOR A WRIT OF HABEAS CORPUS, ECF NO. 1

Before the Court is pro se Petitioner Patrick Cacayorin's ("Cacayorin") petition under 28 U.S.C. § 2241 for a writ of habeas corpus ("Petition"). ECF No. 1. The Court has reviewed the Petition pursuant to Habeas Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). Because Cacayorin admits that he failed to exhaust administrative remedies, and the court concludes that waiving the exhaustion requirement is not appropriate here, the Petition is DISMISSED without prejudice, but without leave to amend.

## I. BACKGROUND

On January 31, 2022, Cacayorin pleaded guilty to conspiracy to distribute and possess, with intent to distribute, a quantity of tablets of 3,4-Methylenedioxymethamphetamine, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846.  *See* Memorandum of Plea Agreement, *United States v. Cacayorin*, Cr. No. 21-00024 JMS (D. Haw. Jan. 31, 2022), ECF No. 58.  On July 11, 2022, Cacayorin was sentenced to twelve months and one day of imprisonment and three years of supervised release.  *See* Judgment in a Criminal Case, *Cacayorin*, Cr. No. 21-00024 JMS (D. Haw. July 12, 2022), ECF No. 84.[1]

Cacayorin is currently incarcerated at the Federal Detention Center in Honolulu, Hawaii ("FDC Honolulu").  *See* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (select "Find By Number"; enter "34010-509"; and select "Search") (last visited Mar. 3, 2023).  The Federal Bureau of Prisons' ("BOP") inmate locator currently states that Cacayorin's projected release date is May 9, 2023.  *Id.*

On February 8, 2023, the court received the Petition.  ECF No. 1.  In the Petition, Cacayorin alleges that the BOP is "disregarding" the First Step Act by

---

[1] Unless otherwise specified, all other references to filings in this Order are to the docket in Civ. No. 23-00077 JMS-WRP.

2

not applying to his sentence time credits earned under 18 U.S.C. § 3632(d)(4)(A)(i)–(ii).[2]  *Id.* at PageID.4.  If these credits were properly applied, Cacayorin contends, then he should be released sometime in March 2023.  *Id.* at PageID.3.  Cacayorin marked a box admitting that he did not exhaust his administrative remedies.  *Id.* at PageID.4.  Cacayorin asserts that doing so would have been "futile" because of "time constraints."  *Id.* at PageID.3.

On February 15, 2023, the court issued an Order to Show Cause Why the Petition, ECF No. 1, Should Not Be Dismissed.  ECF No. 4.  The court ordered Cacayorin to show cause in writing why the Petition should not be dismissed without prejudice for failure to exhaust administrative remedies.  *Id.* at PageID.30.

The court received Cacayorin's Response on February 21, 2023.[3]  ECF No. 6.  Although the court provided Respondent with the opportunity to file an optional response, *see* ECF No. 4 at PageID.31, she has opted not to respond.  Pursuant to Local Rule 7.1(c), the court elects to decide the Petition without a hearing.

---

[2] Section 3632(d)(4)(A) provides those eligible federal inmates who successfully complete evidence-based recidivism reduction programming or productive activities may earn time credits that are applied toward time in prerelease custody or supervised release.  18 U.S.C. § 3632(d)(4)(A).

[3] Cacayorin attached to his Response documents relating to two other inmates at FDC Honolulu.  *See* ECF No. 6-1 at PageID.37–PageID.39.  These documents bear no apparent connection to the calculation and application of Cacayorin's earned time credits.

## II. SCREENING

Habeas Rule 4 states that a district court must "promptly examine" each petition and dismiss a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See Mayle v. Felix*, 545 U.S. 644, 656 (2005); *Hung Viet Vu v. Kirkland*, 363 F. App'x 439, 441–42 (9th Cir. 2010). This rule also applies to a habeas petition brought under 28 U.S.C. § 2241. *See* Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) ("[T]he district court did not err by applying Rule 4 of the Rules Governing Section 2254 Cases to the instant petition [under 28 U.S.C. § 2241].").

## III. DISCUSSION

A.   **Habeas Petitions Under 28 U.S.C. § 2241**

Section 2241 allows a district court to consider an application for a writ of habeas corpus from a prisoner claiming to be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to

§ 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

B.     **Exhaustion of Administrative Remedies**

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted); *see also Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam) ("Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court.").

Requiring a petitioner to exhaust his administrative remedies aids "judicial review by allowing the appropriate development of a factual record in an expert forum," conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level," and allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam).

In general, proper exhaustion requires compliance with an agency's deadlines and other critical procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 88–93 (2006) (addressing exhaustion in the context of administrative law, habeas petitions filed pursuant to 28 U.S.C. § 2254, and the Prison Litigation Reform

Act); *see also Kelly v. Dir., Fed. Bureau of Prisons*, 2014 WL 1270530, at *4 (E.D. Cal. Mar. 26, 2014) (applying *Woodford* to a habeas petition brought pursuant to 28 U.S.C. § 2241).

Federal inmates may "seek formal review of an issue relating to any aspect of his/her confinement" through the administrative remedy program. 28 C.F.R. § 542.10(a). The administrative remedy program consists of the following four steps: (1) presenting an issue of concern informally to staff, *see* 28 C.F.R. § 542.13(a); (2) submitting a formal request for administrative remedies to a facility's warden, *see* 28 C.F.R. § 542.14(a); (3) appealing to the appropriate Regional Director, *see* 28 C.F.R. § 542.15(a); and (4) appealing to the BOP's General Counsel, *see id.*; *see also Seina v. Fed. Det. Ctr.-Honolulu*, 2016 WL 6775633, at *5 (D. Haw. Nov. 15, 2016) (describing the BOP's four-step administrative remedy procedure). "Inmates may seek review of the loss of earned FSA Time Credits through the [BOP's] Administrative Remedy Program." 28 C.F.R. § 523.43(b) (citation omitted).

Courts have discretion to waive the exhaustion requirement in various situations, including "where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (internal quotation marks

and citation omitted). This discretion, however, "is not unfettered." *Id.* at 998; *see also Murillo v. Mathews*, 588 F.2d 759, 762 n.8 (9th Cir. 1978) ("Although the '(a)pplication of the rule requiring exhaustion is not jurisdictional, but calls for the sound exercise of judicial discretion,' it is not lightly to be disregarded.") (citation omitted). A "key consideration" in exercising such discretion is whether "'relaxation of the requirement would encourage the deliberate bypass of the administrative scheme.'" *Laing*, 370 F.3d at 1000 (citation omitted).

District courts may *sua sponte* dismiss a petition filed pursuant to 28 U.S.C. § 2241 for failure to exhaust administrative remedies. *See Kunsman v. Carlson*, 934 F.2d 324 (9th Cir. 1991) (unpublished) (affirming *sua sponte* dismissal of habeas petition); *Warren v. Floyd*, 35 F.3d 573 (9th Cir. 1994) (unpublished) (same); *see also Feldman v. U.S. Parole Comm'n*, 841 F.2d 1129 (9th Cir. 1988) (unpublished) (stating that a district court may *sua sponte* dismiss for failure to exhaust administrative remedies after providing notice to the petitioner and an opportunity to oppose the dismissal).

Here, Cacayorin admits in the Petition that he has not exhausted his administrative remedies. ECF No. 1 at PageID.3. Indeed, Cacayorin does not allege that he completed, or attempted to complete, even a single step in the BOP's administrative remedy program. Thus, the Petition must be dismissed unless the

court concludes, as a matter of discretion, that the exhaustion requirement should be waived.

The only explanation Cacayorin offers in the Petition for his failure to exhaust is a conclusory statement that doing so would have been "futile" due to "time constraints." *Id.* A failure by Cacayorin to act promptly is not enough to waive the exhaustion requirement on account of futility. *See Wilson v. Ives*, 2010 WL 2353376, at *6 (C.D. Cal. May 19, 2010) (stating that a petitioner "cannot manufacture a claim of futility based upon his own failure to act promptly"), *report and recommendation adopted*, 2010 WL 2353375 (C.D. Cal. June 4, 2010); *see also Stanley v. Ebbert*, 2010 WL 2635990, at *3 (M.D. Pa. June 29, 2010) ("Surely, [petitioner's] decision to wait to pursue administrative relief does not render the administrative remedy system unavailable or incompetent.").

To the extent Cacayorin suggests in his Response that the BOP is unable or unwilling to apply earned time credits, this suggestion is contradicted by the fact that the BOP recently applied earned time credits and moved up Cacayorin's release date from June 28, 2023, to May 9, 2023. ECF No. 6 at PageID.35. If Cacayorin thinks that he has earned additional time credits, "[t]he computation of a prisoner's length of confinement is exactly the type of case in which the exhaustion of administrative remedies is appropriate." *Jones v. Reese*, 1998 WL 827504, at *1 (N.D. Cal. Nov. 24, 1998) (citing *Chua Han Mow v.*

*United States*, 730 F.2d 1308, 1313–14 (9th Cir. 1984)).  Indeed, the BOP is particularly well suited to consider such claims.  *See Hanson v. Hendrix*, 2022 WL 4182535, at *2 (D. Or. Sept. 13, 2022) ("[T]he exhaustion requirement is particularly well-suited to address issues involving eligibility for earned time credits, as BOP has the authority to calculate prison sentences.").

Regarding Cacayorin's suggestion that only the BOP's "Central Office" can decide issues related to earned time credits, ECF No. 6 at PageID.35, it is not apparent why this would be so.  Regardless of the level within the BOP at which a decision might be made, the fact remains that the BOP is better situated to make such a determination.  Thus, the best method for Cacayorin to have his claims considered is through the BOP's administrative remedy program.  *See Mohammad v. Thompson*, 2022 WL 4484545, at *3 (E.D. Cal. Sept. 27, 2022) ("The BOP should be given the first opportunity to address petitioner's argument that he is entitled to . . . earned time credits."), *report and recommendation adopted*, 2022 WL 17721472 (E.D. Cal. Dec. 15, 2022).

The court therefore concludes that requiring Cacayorin to exhaust his administrative remedies would aid "judicial review by allowing the appropriate development of a factual record in an expert forum," conserve "the court's time because of the possibility that the relief applied for may be granted at the administrative level," and allow "the administrative agency an opportunity to

9

correct errors occurring in the course of administrative proceedings." *Ruviwat*, 701 F.2d at 845; *see also Yanagihara v. Derr*, 2023 WL 2163685, at * (D. Haw. Feb. 22, 2023) (dismissing habeas petition challenging calculation of First Step Act earned time credits because petitioner failed to exhaust administrative remedies). Waiving the exhaustion requirement in this case would only encourage other inmates to ignore the BOP's administrative remedy program.

## IV.  CONCLUSION

1.  The Petition is DISMISSED without prejudice, but without leave to amend, because Cacayorin failed to exhaust administrative remedies and waiver of the exhaustion requirement is not appropriate in this case.

2.  The Clerk is DIRECTED to close this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 3, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Cacayorin v. Derr*, Civ. No. 23-00077 JMS-WRP, Order Dismissing Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus, ECF No. 1